HERBERT COLLINS AND JOHN COLLINS ROGERS, AS
TRUSTEES UNDER THE WILL OF J. B. MILBURN
DECEASED *v.* J. B. MILBURN, JR. AND MARYNELL
MILBURN SUTTON

5-6130                                    490 S.W. 2d 453

Opinion delivered January 22, 1973

[Rehearing denied March 12, 1973.]

*Kenneth Lane* and *Langston & Langston,* for appellants.

*Pope, Pratt, Shamburger, Buffalo & Ross,* for appellees as Cross Appellants.

J. FRED JONES, Justice. This is an appeal by Herbert Collins and John Collins Rogers, trustees under the will of J. B. Milburn, deceased, from a chancery court decree ordering a partial distribution of trust funds in the amount of $5,518.23 to J. B. Milburn, Jr. and Marynell Milburn Sutton, the beneficiaries of the trust. J. B. Milburn, Jr. also cross appeals from that portion of the

decree refusing to terminate or dissolve the trust and distribute the assets to J. B. Milburn, Jr. and Marynell Milburn Sutton.

The will of J. B. Milburn, Sr., as it relates to the trust here involved, is in the following language:

"FIFTH: All the rest and residue of my estate whether real, personal or mixed and wherever situated, I give, devise and bequeath to Herbert Collins and John Collins Rogers to be held in trust, however, for the uses and purposes set forth as follows:

My Executors and/or Trustees or successors are hereby given full power to manage my estate and the trust set up herein as fully to all intents and purposes as I now possess including the authority and power to lease, mortgage, renew or extend any existing mortgage, to pledge, sell and/or convey any asset, part or all of said estate in such manner and for such consideration as they deem to be for the best interest of my estate and to invest, re-invest, exchange, loan and re-loan any part or all of the trust estate in such property, loans or securities as in their discretion seems best.

The entire net income received or accumulated in this trust account shall be paid, at intervals convenient to my Trustees, to my two children, Marynell Milburn Sutton and J. B. Milburn, Jr., in equal parts, share and share alike, during their lifetime, on the same basis as though the principal or corpus of this Trust was also equally divided and maintained as separate accounts.

If by reason of an emergency or unforeseen contingency or by reason of the insufficiency of said net income, and should my said Trustees deem it necessary or advisable, they may in their absolute discretion use a part or up to one-half of the principal or corpus of this Trust, under such circumstances, for the benefit of each child, from time to time, to provide for his or her proper care; and any such expenditure shall be charged against the one-half principal interest set up separately for the user of this emergency.

834

In the event of the death of either of my children, his or her share remaining at that time in this Trust shall descend to his or her child or children of the body to be equally divided, share and share alike. Or if either of my children die without issue and intestate then such interest shall revert to the survivor of the two to be distributed upon his or her death in accordance with the preceeding sentence.

In the event either of my children attempt to hypothecate, sell or convey his or her interest in this Trust by assignment or otherwise my Trustees are authorized, if in their absolute discretion they deem it advisable, to discontinue the payment of that part of the net income which may be involved in such transaction and to accumulate such net income for the use and benefit of the said descendant or descendants as hereinabove provided.

Regardless of any conflict stated above, my two children shall have and are hereby given the right and privilege to dispose by last will and testament of their life estate (or contingent interest) remaining in this trust at the time of their respective deaths. The Trustees herein are authorized to make settlement with the Executor of the estate of the decedent, should they elect to die testate.

This Trust shall ipso facto cease and terminate upon the death of the survivor of my two children and all remaining assets paid, assigned or conveyed in accordance with my wishes hereabove stated.

SIXTH: My Executors are to pay all estate death taxes and all beneficiaries are to receive specific bequests made to them without deduction of pro rata Federal and State Estate Taxes.

SEVENTH: I hereby appoint Herbert Collins and John Collins Rogers of Little Rock, Arkansas, Executors of this my last will and testament with full power to manage my estate, including the right to sell and convey any part or all of said estate in such manner as they deem for the best interest of

my estate. In the event of the death, resignation or inability of either of my Executors to serve, the other shall serve as sole Executor with the same power and authority given to them jointly and request that they be allowed to serve without bond. In event of the death of both said Executors and Trustees it is requested that a successor be appointed by the Pulaski Chancery Court with the approval of my children."

The litigation in this case was commenced when J. B. Milburn, Jr. filed his petition alleging that under the terms of the will the trustees are authorized to use up to one-half of the corpus of the trust for the benefit of the petitioner in providing for his proper care and welfare. He alleged that the income from the trust had been insufficient to provide for his needs; that an emergency situation exists in that he is totally disabled because of physical infirmities; that he is unable to work and provide income for himself and family. He alleged that he is heavily in debt and in dire need of funds to pay his necessary medical and dental expenses and to provide for the necessities of life. He prayed that the trustees be ordered and directed to pay to him $500 per month up to one-half of the principal or corpus of the trust. By amendment to his petition J. B. Milburn, Jr. alleged that the trust assets are not liquid but are expensive to maintain; that the expenses of carrying out the trust exceed the income available to the beneficiaries and that the trust should be dissolved and terminated by distributing the corpus of the trust to himself and his co-beneficiary, Marynell Milburn Sutton.

Marynell Milburn Sutton intervened by petition making similar allegations and prayer for relief. By amendment to her petition Marynell Milburn Sutton alleged that the testamentary purpose and intention as expressed in the will of J. B. Milburn, Sr., deceased, was being defeated and evaded; that the income she was receiving from the trust was totally insufficient to meet the necessary expense of her proper care; that the assets of the trust were being depleted by the trustees and she also prayed that the trust be terminated and dissolved and the assets be distributed in full to herself and J. B. Milburn, Jr. in equal shares.

The answer of the trustees denied the allegations set out in the petitions and their amendments. They point out the "absolute discretion" given to them under the trust instrument and they set out in answer to the petitions and intervention other matters supporting their contention that they were properly preserving the corpus of the trust and properly distributing the income therefrom.

At the close of the testimony on the hearing in this case, the chancellor ordered the distribution of the cash in the hands of the trustees, in the amount of $5,518.23, equally between Mr. Milburn, Jr. and Mrs. Sutton. It is not questioned that this $5,518.23 was derived from real estate notes and constituted a part of the corpus of the trust estate. In reaching his conclusion the chancellor found that the evidence showed need, particularly with reference to Mr. Milburn, Jr., since he is ill with emphysema, is out of work, and owes some $2,500 of pressing debts. As to Mrs. Sutton, the chancellor found that she had shown less need than had Mr. Milburn, Jr. The chancellor then recited his findings as follows:

> "Well, it is obvious here from the Will itself that Mr. Milburn, Sr. desired that Mr. Collins and Mr. Rogers act as Trustees here and exercise their best judgment and supervision over this estate, which has been some years ago. I don't know how many years it has been since Mr. Milburn, Sr. died—approximately four years?

> MR. ROGERS: Yes, sir.

> THE COURT: And he certainly had some purpose in naming these gentlemen, who were not only Trustees, but Mr. Herbert Collins is his brother-in-law and Mr. Rogers is his nephew by marriage. Mrs. Mona Milburn would be the sister of Mr. Collins, and the aunt of Mr. Rogers and it is their duty, of course, to exercise their best judgment.

> I don't think they have a right to abuse their discretion, but I don't think the testimony is sufficient here to show any abuse of discretion."

We agree with the above observations and findings of the chancellor, including the last above paragraph.

We deem it unnecessary to detail the testimony as to the needs of Mr. Milburn and his sister Mrs. Sutton for the reason that we agree with the chancellor that the evidence was not sufficient to show an abuse of discretion on the part of the trustees. The gross value of the estate at the time of Mr. Milburn's death was approximately $72,500 and consisted primarily of real estate. The evidence indicates that the trustees were also realtors operating as Collins & Co., Inc.; that the trustees have been managing the estate by renting the real property, selling and reinvesting the proceeds.

It is clear to us that Mr. J. B. Milburn, Sr. intended to create a "spendthrift" trust in this case and it is clear from the four corners of his will that he succeeded in doing so in clear and unambiguous language. It is obvious that Mr. J. B. Milburn, Sr. had the utmost confidence in the trustees and there is no question as to the unlimited discretion he attempted to place in them in the administration of the trust.

Mr. Milburn, Jr. and Mrs. Sutton complain about the real estate commissions and other charges made by Collins & Co. on the sale and rental of the trust real property, but such commissions and charges appear to be standard amounts charged by real estate companies for such services and Mr. Milburn, Sr. evidently knew the connection of the trustees with Collins & Co., and that the services of the company would be employed in the sale and rental of the properties when he made his will and gave the trustees unlimited authority to sell and manage the property and reinvest the corpus value. No fraud is alleged or proven in this case and it might be remembered that Mr. Milburn, Sr. could have willed all of his property outright to the trustees had he desired to do so.

We find it unnecessary to determine whether the trustees' discretion, under the trust instrument, is exclusive to that of the chancellor under the law, for the reason that

we agree with the chancellor that the evidence in this case is not sufficient to show that the trustees have abused their discretion. The decree is reversed and dismissed on direct appeal, and the decree of the chancellor is affirmed on cross-appeal.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result and all of the majority opinion except that part treating fees and commissions paid to the trustees. I do not reach the question of the testator's intention in this regard, because it is unnecessary to do so. It is true that it was alleged that the estate had been substantially reduced in value by reason of various costs and expenses charged to the estate by the trustees. At least one of the appellees prayed that the trustees be prohibited from charging any costs or expenses to the trust estate. Appellees also sought to have the trust terminated because of the danger of its depletion. The chancellor denied all relief except that mentioned in the majority opinion. The cross-appeal of appellees only related to that portion of the decree denying a dissolution and termination of the trust. That is the only connection in which the commissions and charges made by the trustees were argued on appeal. I agree that the evidence produced was not sufficient to justify dissolution or termination of the trust.